IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES MESHACH LOMAX, #280316 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-09-3443 |
| DR. JAMES HOLWAGER, et al. | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION

This 42 U.S.C. § 1983 civil rights Complaint for injunctive relief[1] states that in January of 2009, Plaintiff was removed from the Behavorial Management Program ("BMP") at the North Branch Correctional Institution ("NBCI") because of an infraction and segregation sanction and told he would have to complete half his segregation term before re-entering the BMP.[2] Paper No. 1. He complains that other inmates who received similar infractions and sanctions were allowed to remain in the program. Plaintiff accuses psychology, social work, and case management personnel of discrimination and showing favoritism to other inmates who are similarly situated by allowing them to enter both the BMP and Special Needs Unit ("SNU"), where they receive a suspended segregation sentence and various privileges; access to jobs, school, and out-of-cell movements; and the ability to earn diminution credits and work pay.

On June 1, 2010, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 15. On August 2, 2010, Plaintiff filed his Opposition.[3] Paper No.

---

[1] Plaintiff seeks injunctive relief, asking that Defendants' discriminatory action be monitored and stopped and that he be placed into the Behavioral Management Program or Special Needs Unit.

[2] According to Defendants, Plaintiff was transferred to the Leavenworth Detention Center in Kansas during the pendency of this action. Paper No. 15. In his Opposition, however, Plaintiff states that he was transferred to Leavenworth in March of 2010, for being a "threat to staff and inmates at NBCI" and returned to NBCI on May 18, 2010. Paper No. 19.

[3] Plaintiff's Motion to Deny Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Paper No. 19), has been treated as his Opposition.

19. Upon review of the papers, the court finds no need for an oral hearing. *See* Local Rule 105.6. (D. Md. 2010).

Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This is so even though such a case presented a justiciable controversy at an earlier point in time and an intervening event rendered the controversy moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp. 494 U.S. 472, 480 (1990).

Plaintiff complains he was denied re-admission to the BMP at NBCI and solely seeks entry into the BMP or SNU. In his opposition Plaintiff states that he was returned to NCBI in May of 2010, offered BMP placement in June 2010, and accepted into the BMP in July of 2010. Paper No. 19. In light of this information on September 3, 2010, Plaintiff was granted twenty-one days to show cause why, in light of the injunctive relief sought in this Complaint and his admission into the BMP, this action should not be dismissed as moot.[4] Paper No. 20. He was forewarned that his failure to file a timely or responsive show cause response would result in the dismissal of his cause of action without further notice from the court. The requisite time has passed and Plaintiff has not filed a response.

---

[4] Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, does not formally raise the mootness issue as an argument but merely states that the issue of Plaintiff's participation in the BMP "may now be moot, as Plaintiff is no longer a prisoner in this state." Paper No. 15, Memorandum at 4.

For the aforementioned reasons the Complaint and all pending motions shall be dismissed as moot.

Date: __September 29, 2010__      _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge